UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

KENWAYNE JONES,

           Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CR-706

*Appearances:*
*For the United States:*
MARK BINI
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
LAKEYTRIA W. FELDER
Federal Defenders of New York
770 Federal Plaza
Central Islip, New York 11722

**BLOCK, Senior District Judge:**

     Kenwayne Jones moves, pursuant to 28 U.S.C. § 2255, to vacate his conviction under 18 U.S.C. § 924(c) on the ground that none of the four predicates for that conviction was a crime of violence under § 924(c)'s so-called "Elements Clause." In *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021), the Second Circuit held that attempted Hobbs Act robbery—one of the predicates to Jones's conviction—was categorically a crime of violence. *See id.* at 57. It is of no moment that the jury was not asked to specify on which predicate its § 924(c) verdict

1

was based because (1) it found Jones guilty of attempted Hobbs Act Robbery and (2) the remaining predicates were all "inextricably intertwined" with the attempted robbery in a single occurrence. *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016); *cf. United States v. Eldridge*, 2 F.4th 27, 39 (2d Cir. 2021) ("We conclude that Eldridge was not prejudiced by the district court's erroneous instruction with respect to the valid predicate crimes of violence, because the jury would have returned a guilty verdict on Count Seven even if it had been instructed that only attempted Hobbs Act robbery was a valid predicate under § 924(c).").

Accordingly, Jones's § 2255 motion is denied. Because he has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

Separately, Jones also moves under the First Step Act for a sentence reduction, or in the alternative, compassionate release. *See* First Step Act of 2018, Pub. L. 115-391 § 404; 603(b), 132 Stat. 5194 (2018) (allowing courts to modify a sentence based on retroactive application of the Fair Sentencing Act and compassionate release, respectively).

The Court has reviewed the parties' submissions and considered all of their arguments regarding sentence reduction and compassionate release under the First Step Act. Upon due consideration, the Court has determined that there are no extraordinary or compelling reasons that might permit the defendant's release or

2

sentence reduction at this time. Accordingly, Jones's motion for sentence reduction or alternatively compassionate release is denied.

                                                                   /S/ Frederic Block
                                                                   FREDERIC BLOCK
                                                                   Senior United States District Judge

Brooklyn, New York
December 29, 2021